SAMUEL SANNER

*v.*

JAMES H. SMITH.

89b 123
36a 267

1. USURY—*note providing rate in excess after maturity.* A provision in a promissory note, for the payment of a rate per cent in excess of legal interest, after maturity, as liquidated damages for non-payment, if inserted with the

single purpose to secure prompt payment, does not render the transaction usurious.

2. Where a promissory note was given, payable six months after date, with interest payable annually, at the rate of fifteen per cent, from "due until paid," the first six months' interest having been paid in advance, and after its maturity numerous installments of interest, at the rate of fifteen per cent, were paid, and indorsed, usually each six months, at that rate, in advance, running through several years, the transaction was held usurious.

3. SAME—*relief in equity.* Where various payments of usurious interest are made on a note, in equity a surety will only be required to pay the principal with six per cent per annum interest, and all payments in excess thereof will be applied on the principal, and when the sum due is tendered before suit, costs are properly decreed against the payee.

APPEAL ·from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding,

This was a bill in chancery, by James H. Smith against Samuel Sanner, for relief against the payment of a promissory note, on the ground of usury, and for the cancellation of the same on payment of what was legally and equitably due thereon. The court below decreed the relief as prayed, and the defendant appealed.

Messrs. GILLESPIE & HAPPY, for the appellant.

Messrs. IRWIN & KROME, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The note, against which relief is sought in this case, bears date September 29, 1858, and was payable on the 1st day of April, 1859, to the order of defendant, with interest payable annually, at the rate of fifteen per cent, from "due until paid." At the time of making the note, six months' interest was paid in advance, and afterwards numerous installments of interest, at the rate of fifteen per cent per annum, were paid, and indorsed on the note, usually six months interest at that rate in advance. After the death of one of the principals on the note, and the insolvency of the other, complainant, who was surety on the

note, made one payment, and subsequently tendered to the payee a sum sufficient to make up the amount of the balance due on the note, with interest at six per cent per annum, treating the previous payments as so much paid on the principal, and demanded the surrender and cancellation of the note, which was refused.

The principal question raised on the argument is, whether a usurious rate of interest was reserved in the note by the contract of the parties. The case can not be assimulated to that class of cases, in this court, that hold that the provision in a promissory note for the payment of a rate per cent in excess of legal interest, after maturity, as liquidated damages for non-payment, if inserted with a single purpose to secure prompt payment, does not render the transaction usurious. Such was not the case here. On the face of the note a usurious rate of interest is reserved, and the fact the payee received semi-annual interest in advance, at the usurious rate specified, through a series of years after the maturity of the note, rebuts the idea the rate of interest specified was inserted with a view to secure prompt payment. It has the appearance of a mere device to avoid the statute prohibiting the taking of usury, and such we are constrained to believe, from the evidence, it was.

The note being usurious, complainant was only obligated to pay the principal with six per cent per annum interest, to entitle him to equitable relief, and that, we understand, he tendered before the bill was filed, which would warrant the court in decreeing costs against defendant, as was done.

The decree will be affirmed.

*Decree affirmed.*